IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Criminal Action No. 5:11CR34
                                        (STAMP)
JOSEPH SAMUEL HALL,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S POST-VERDICT MOTION
FOR A JUDGMENT OF ACQUITTAL AS TO COUNT TWO**

I.  Background

On August 1, 2011, the defendant, Joseph Samuel Hall, was indicted of one count of aiding and abetting a false statement in acquisition of a firearm and one count of being a felon in possession of a firearm. The defendant proceeded to a jury trial on both counts. On January 20, 2012, at the conclusion of the two-day trial, the jury returned a not guilty verdict on Count One (aiding and abetting a false statement in acquisition of a firearm) and a guilty verdict on Count Two (felon in possession of a firearm). The defendant remains in federal custody at the Northern Regional Jail pursuant to the detention order issued on July 8, 2011, where he awaits sentencing.

On February 7, 2012, eighteen days after the jury verdict, the defendant filed a motion for a judgment of acquittal as to Count Two. In support of this motion, the defendant argues that the United States failed to provide sufficient evidence to which a jury

could conclude beyond a reasonable doubt that the defendant intended to actually, constructively, or jointly possess any of the guns at issue.

On February 9, 2012, the United States filed a response contra the defendant's post-trial Rule 29 motion. In this response, the government argues that the defendant's motion for judgment of acquittal simply rehashes various arguments made throughout the course of trial and that the defendant fails to appreciate the standard for the determination of a Rule 29 motion. The United States avers that there is direct evidence of the defendant's possession of the guns. Because the defendant fails to raise any new arguments and because he fails to meet his burden, the United States argues that his Rule 29 motion is without merit and should be denied.

## II. Applicable Law

Rule 29 of the Federal Rules of Criminal Procedure provides that "[a] defendant may move for a judgment of acquittal, or renew such motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). Entry of judgment of acquittal is appropriate where "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A judgment of acquittal based on the

insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." United States v. Alvarez, 351 F.3d 126, 129 (4th Cir. 2003) (quoting Smalis v. Pennsylvania, 476 U.S. 140, 144 (1986)).

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation omitted). In the Fourth Circuit, the well-settled test for deciding a motion for a judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). Accordingly, if "after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt," the jury's verdict must stand. United States v. United Med. and Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993).

III. <u>Discussion</u>

As stated above, Rule 29 requires that a renewed motion for a judgment of acquittal must be made within fourteen days after a guilty verdict or after the court discharges the jury. In this case, the guilty verdict was entered on January 20, 2012, the same day that the jury was discharged. Thus, the defendant's motion for a judgment of acquittal, filed on February 7, 2012, is untimely. However, this Court finds that even if the motion had been properly filed within the fourteen day time period specified by Rule 29, it must be denied because the evidence is sufficient to sustain a conviction as to Count Two.

In his motion for judgment of acquittal as to Count Two, the defendant acknowledges that he bears a heavy burden in challenging the sufficiency of the evidence against him. (Def.'s Mot. for J. of Acquittal 8.) The defendant also recognizes that actual possession is not necessary to sustain a conviction for possession--constructive possession is sufficient. (Def.'s Mot. for J. of Acquittal 11.) This Court agrees that the jury could properly consider evidence of both actual and constructive possession, and that there was evidence of both with respect to Count Two. Specifically, Kyle Comstock testified that the defendant and Ariel Underwood walked with the guns to the defendant's car in the Cabela's parking lot, got into the car, and drove away. Underwood further testified that after the defendant dropped her off at her

4

residence, he drove away with the guns. Based upon the defendant's statements in the recorded phone call played during the trial, the jurors could infer that the defendant had been in actual possession of the firearms because he references his efforts to return them to Underwood.

This Court finds that the jury was properly instructed on both actual and constructive possession and that the defendant has failed to show that, after viewing all the evidence in a light most favorable to the government, a reasonable trier of fact could conclude that the evidence is insufficient to support his conviction as to Count Two.

IV. Conclusion

For the reasons stated above, the defendant's post-verdict motion for a judgment of acquittal as to Count Two (ECF No. 78) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the defendant and to counsel of record herein.

DATED: February 23, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE