IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH SAMUEL HALL,
    Petitioner-Defendant,

v.                                            Civil Action No. 5:14-cv-133
                                              Criminal Action No. 5:11-cr-34

UNITED STATES OF AMERICA,
    Respondent-Plaintiff.

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On October 9, 2014, Joseph Samuel Hall ("Hall") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:14-cv-133, Docket No. 1; Criminal Action No. 5:11-cr-34, Docket No. 113). The undersigned filed an Order directing the Respondent to answer on November 21, 2014. (Docket No. 117)[1]. The Respondent filed its response on December 11, 2014. (Docket No. 119).

The undersigned now issues this Report and Recommendation on Hall's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge **deny** and **dismiss** Hall's motion.

### II. FACTS

**A.**     **Events Leading to Indictment**[2]

On February 19, 2011, Aerial Underwood tried to purchase two pistols at Cabela's in Triadelphia, West Virginia. Underwood had recently been fired as a front desk employee at the

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in Criminal Action No. 5:11-cr-34.

[2] This information is taken from the Pre-Sentence Report, ECF No. 85 at 4–5.

store. Underwood completed the Form 4473, indicating that she was the actual buyer of the firearms. The NCIS background check was "delayed," and Underwood left the store without tendering any money. The guns were placed on hold pending the outcome of the NCIS check. If there is no response from NCIS after a certain number of days, and F.F.L. is permitted to sell the firearms. On February 27, 2011, Underwood returned to Cabela's and purchased the firearms with cash. When the NICS check did come back with the denial, due to Underwood's recent arrest for Possession of Marijuana, Cabela's notified the A.T.F., and the assigned Case Agent began the process of retrieving the guns.

The Case Agent located Underwood and interviewed her at her residence. She initially told the Agent that her boyfriend, "Sam Johnson," had the guns for the purpose of target shooting somewhere in Ohio. She said that he was from Detroit, Michigan, and that he would travel from Detroit to Wheeling, staying several days at a time.

During a subsequent polygraph pre-test interview, Underwood admitted that she had purchased the guns for and at the direction of her boyfriend, "Sam." She explained how he had asked her to buy him some guns. She had attempted to purchase two guns after he picked them out of the case in Cabela's. Prior to entering the store, he had given her over $1000 in cash with which to complete the purchase. After exiting the store, she gave the guns to him. For her effort, he gave her $100 on February 19th, after her initial attempt at purchasing, and another $100 after the successful purchase on the 27th. She was aware that he was a convicted felon and that he was involved in dealing drugs

On April 7, 2011, the A.T.F. orchestrated a pretext call between Underwood and Hall. In the call, which was recorded, Underwood expressed concern about getting in trouble with federal

2

authorities because she did not have the guns she had purchased. Hall told Underwood that she should have told the authorities that the gun had been stolen as an explanation for why she no longer had them. He wanted to know exactly what she told the agents when she spoke to them. Underwood asked Hall to get the guns back. He explained that he had made calls to the appropriate people, but they had not called him back. Underwood told him that she thought the guns were for him. Hall became annoyed and abruptly ended the conversation.

Based on information provided by Cabela's employees, Ohio B.M.V. records, and the computerized criminal history, the A.T.F. was able to positively identify Hall. On July 7, 2011, he was arrested in Detroit, Michigan, on a federal complaint/warrant when he showed up for routine meeting with his parole officer. He agreed to answer questions. He identified himself and Underwood on the Cabela's video from the February 27th visit. He claimed that Underwood had bought the guns for herself, and that he never received possession of them. When the Agent then confronted him with the recording of the pretext call, he responded, "it is what it is, and I want a lawyer." While he was being transferred to the custody of the Marshals, Hall made an unsolicited statement asking how much time he was looking at.

## A.    Conviction and Sentence

On August 1, 2011, a Grand Jury sitting for the Northern District of West Virginia returned an Indictment against Hall. ECF No. 7. He was indicted on: (1) Count One, "Aiding and Abetting a False Statement in Acquisition of a Firearm" and (2) Count Two, "Felon in Possession of Firearms." Id. at 1-2.

Hall was tried by a jury and found guilty of Count Two on March 27, 2012. (ECF No. 86 at 1). Consequently, Hall was sentenced to eighty (80) months followed by three (3) years of

supervised release. Id. at 2. In addition, as a special condition of supervision, Hall was directed to participate in a program of testing, counseling and treatment for the use of alcohol or drugs if so offered by the Probation Officer." (Id. at 4).

On February 23, 2012, Hall was denied his post-verdict Motion for Judgement of Acquittal as to Count Two. See United States v. Hall, No. 2012 WL 602832 (N.D.W.Va 2012). The Court found the motion to be both (1) untimely and (2) meritless due to sufficient evidence supporting a conviction on Count Two. Id.

**B.      Appeal**

Hall, through his attorney, filed a notice of appeal to the Fourth Circuit on April 2, 2012. (ECF No. 89). The appeal raised the following seven (7) issues:

> (1)     Did the District Court err by failing to grant Mr. Hall's motion for judgment of acquittal when even after viewing all the evidence in a light favorable to the government, no rational trier of fact could have found Mr. Hall guilty of a felon in possession of firearms beyond a reasonable doubt;
>
> (2)     Did District Court err by admitting in-court identification testimony where the initial identification was impermissibly suggestive; the witness was unable to definitely identify Mr. Hall out-of-court; and the in-court identification was invalid and unreliable;
>
> (3)     Did the District Court err by admitting bad acts evidence as "intrinsic" evidence under United States v. Kennedy where said evidence was not necessary to complete the story of the crimes on trial and did not arise out of the same series of transactions as the charged offenses;
>
> (4)     Did the District Court err by admitting bad acts evidence under Federal Rule of Evidence 404(b) where said evidence was not relevant to an issue other than character; was not necessary; and was unreliable; and its probative value is outweighed by confusion or unfair prejudice;

(5) Did the District Court err by admitting the "gun" and permitting it to be published to the jury where the "gun" was not specifically tied to Mr. Hall and the probative value of the gun was outweighed by the danger of unfair prejudice to Mr. Hall;

(6) Did the District Court err by failing to grant Mr. Hall's motion for mistrial where the AUSA made an improper remark to the jury during closing arguments that was not based upon the evidence presented at trial or a fact that could be reasonably inferred from the evidence presented at trial;

(6) Did the District Court commit plain error by failing to order a new trial based on a violation of Brady v. Maryland where the government failed to disclose evidence that was (1) favorable to Mr. Hall; (2) material; and (3) the government had the evidence but failed to disclose it.

See U.S. v. Johnson, #12-4248, United States Court of Appeals for the Fourth Circuit, ECF No. 21.

The Fourth Circuit Court of Appeals affirmed the District Court's decision on March 20, 2013. See United States v. Hall, 514 F. App'x 352 (4th Cir. 2013). The Fourth Circuit Court of Appeals held:

(1) ". . . evidence was sufficient to support Hall's conviction" Hall, 514 F. App'x at 355.

(2) ". . . evidence is sufficient to establish that Hall had constructive possession of the guns. Accordingly, [the court] affirm[s] the district court's denial of the motion for acquittal" Id.

(3) ". . . [Cordery's testimony] was admissible under Kennedy, and the district court did not abuse its discretion by allowing it." Id.

(4) ". . .[the court] finds no abuse of discretion and affirm[s] the district court's ruling." Id.

(5) ". . . [the court] finds no abuse of discretion in the district court's decision to admit the gun, and [ ] affirm[s] that

ruling." Id. at 356.

    (6)    "[the court] find[s] no error" and affirms the district court's denial of the motion for a mistrial. Id.

    (7)    "the alleged errors [regarding the photo display] concern an issue that is not in dispute – Hall's presence at Cabela's – so they are harmless and do not entitle Hall to relief." Id. at 358.

Hall filed a writ of certiorari. See Hall v. United States, 132 S.Ct. 275 (2013). That writ was denied by the United States Supreme Court on October 7, 2013. Id.

## C. Federal Habeas Corpus

### 1. *Hall's § 2255*

Hall asserts four (4) grounds in his motion[3]:

    (1)    "Ineffective assistance of counsel/failure to move for suppression hearing" (ECF No. 113 at 4).

    (2)    "Ineffective assistance of counsel/failure to make a proper justment [sic] acquittal to challenge the gov't [sic] to meet its burden of proof under Supreme Court governing authority" (Id. at 5).

    (3)    "Ineffective assistance of counsel/failure to make objection under characterization evidentiary against defendant and ask for mistrial" (Id. at 6).

    (4)    "Ineffective assistance of counsel/failure to object to Brady[4] violation and failure to move government to disclose

---

[3] The Respondent has interpreted Hall's grounds as claiming that his counsel failed to: "(1) file a motion to suppress the evidence that led to his identification and arrest during the investigation; (2) make a Rule 29 motion challenging the sufficiency of the evidence; (3) object specifically to the admission of (unspecified) evidence under Rule 404(b); and (4) make an objection on Rule 16 and Brady grounds to the failure to disclose information about a prior single-photo display." (Docket No. 119 at 6).

[4] Hall is referring to Brady v. Maryland, 373 U.S. 83 (1963).

6

discovery of photo, documentation, and all relevant materials" (Id. at 8).

For relief, Hall asks the Court to "vacate sentence and conviction and or new trial evidentiary hearing requested." (Id. at 11).

### 2. *Government's Response*

The Respondent asserts in its response:

(1) ". . .Petitioner may be unaware that a suppression motion must be premised upon an apparent violation of constitutional rights. . . .Petitioner fails to allege or identify any particular infringement of constitutional rights. . . .Petitioner fails to explain why a motion to suppress would have been successful had it been filed. Accordingly, this claim fails for lack of merit and lack of specificity." (Docket No. 119 at 7-8).

(2) The claim that Counsel was ineffective to failing to make a Rule 29 motion "fails *ab initio* because it is based on an erroneous premise, namely, that Defense Counsel never moved for a judgement of acquittal under Rule 29. He did– not once, but twice." (Id. at 8).

(3) Petitioner "doesn't say which evidence he is referring to. Accordingly, the lack of specificity is his own." Additionally, ". . .Defense Counsel did object to the introduction of [disputed] evidence, not once but twice. . . . There can be no question about [whether the testimony was sufficiently specific to preserve the issue for appeal], given the fact that the defendant did challenge the admissibility of this evidence pursuant to F.R.E. 404(b) on appeal." (Id. at 10-11) (emphasis from original included).

(4) "Because the Petitioner does not show and cannot show that he was prejudiced by the alleged errors . . ., he cannot [ ] establish the second prong of the Strickland analysis, and his claim has no merit. (Id. at 119).

## III. ANALYSIS

A.     **Hall's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

B     **Procedurally Barred Claims**

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates: (1) "cause" that excuses his procedural default, and (2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W. Va. June 20, 2006).

The undersigned acknowledges that Hall raises similar grounds in his § 2255 motion as he did in his direct appeal. Hall has recast the grounds as ineffective assistance of counsel claims, and they are addressed in this Report and Recommendation as such.

## C. Standard Governing Claims of Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). See also Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (finding counsel's representation is fact-dependent and viewed at the time of counsel's conduct). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See Id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

Additionally, the Fourth Circuit has set forth two categories of decisions made by trial counsel. First, there are "personal" decisions that require consent from the defendant, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations and internal quotation marks omitted).

### 1. *Failing to File a Motion to Suppress*

Hall states that "there was no evidence to prove that [he] purchased or possessed a firearm." (ECF No. 113-1 at 2). Additionally, he alleges his counsel failed to challenge or suppress: (1) the recorded phone call (between he and Ariel Underwood) played for Parole Officer Theresa Kryzak, from which she identified his voice and (2) the DVD surveillance video and the license plate information recorded by a Cabela's employee which was not contained in the Report of Information prepared by Agent Price. (Id. at 3). Hall cites Illinois v. Gates, 76 462 U.S. 213 (1983). In Gates, the Supreme Court adopted the totality of the circumstances analysis for determining whether an

informant's tip establishes probable cause for issuance of a warrant. Id. at 214.

Neither an informant's tip, nor a warrant are at issue in the present case. Hall's instant motion is not analogous to Gates. Thus, Gates provides him with no relief.

Pursuant to Ford v. United States, No. 2013 WL 3155447, at *4 (D. Md. 2013), "an ineffective assistance of counsel claim based upon a failure to file a motion to suppress evidence *requires the defendant to show actual prejudice* by demonstrating that his 'Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" (quoting Kimmelman v. Morrison, 477 U.S. 365, 375 (1986)) (emphasis added).

Additionally, Morris v. United States, No. 2008 WL 4763223 (S.D. W. Va. 2008), states that "whether or not to file a motion to suppress" is a decision counsel can make independently "because 'trial counsel has superior experience with the criminal process and detailed, objective knowledge of the strengths and weaknesses of the defendant's case.'" (quoting Sexton 163 F.3d at 885). Morris further states, "[t]rial counsel also is in a far better position to assess the meritoriousnes of a pre-trial motion to suppress[.]" Id. at *4 (quoting Sexton 163 F.3d at 885). Therefore, the Supreme Court has acknowledged that an attorney's failure to file a suppression motion does not constitute *per se* ineffective assistance. See Kimmelman, 477 U.S. at 384.

Hall fails to show actual prejudice or a reasonable probability that the verdict would have been different absent the challenged evidence. On direct appeal, the court found "there was ample evidence linking the gun to [Hall], including the fact that its serial number matched the serial number on one gun Underwood purchased for [Hall] at Cabela's." (Docket No. 108 at 6). Hall does not specify why a motion to suppress would have been successful had it been filed. Additionally,

11

he fails to demonstrate or claim any constitutional right has been violated. See Ford at *4. Consequently, pursuant to Kimmelman, the decision by counsel not to file a suppression motion does not constitute *per se* ineffective assistance.

2.  ***Failing to Make a Rule 29 Motion***

Hall asserts his counsel was ineffective "for failure to move for a Judgement of Acquittal under Rule 29 of the Fed.R.Crim.P. and challenge the Government's evidence by arguing pursuant to the Winship Standard, 397 U.S. 358 (1970)." (Docket No. 113-1 at 5). In In re Winship, the Supreme Court faced the issue of "whether juveniles, like adults, are constitutionally entitled to proof beyond a reasonable doubt when they are charged with violation of a criminal law." In re Winship 397 U.S. at 365. The Supreme Court held "where a 12-year-old child is charged with an act of stealing which renders him liable to confinement for as long as six years, then as a matter of due process the case against him must be proved beyond a reasonable doubt." Id. at 368. However, Hall's case is not analogous to In re Winship because Hall is not a juvenile and consequently its holding cannot provide him with relief.

Moreover, Hall's counsel did move for a judgment of acquittal under Rule 29. The record shows two instances of Rule 29 motions; (1) during the trial, and (2) after the trial. The following colloquy occurred during trial:

| MR. GILLISON[5]: | At this time, Your Honor, I'm going to make a motion pursuant to – several motions pursuant to Federal Rule of Criminal Procedure Rule 29, motion for judgement of acquittal, specifically with regards to count one, which is the charge you have for my client aiding and abetting in the false statement for the acquisition of a firearm. |

---

[5]Mr. Gillison was Hall's trial counsel as well as his counsel on appeal..

> We believe that in this case there's not reasonable evidence that was presented in this case where any reasonable trier of facts could find my client guilty or find that the government has proved each and every one of those elements beyond a reasonable doubt.
>
> . . .
>
> Specifically with regards to count two, Your Honor, felony possession of a firearm, we believe there was insufficient evidence that a jury could find beyond a reasonable doubt the element that my client ever possessed the weapon, specifically actually possessed the weapon, and also constructively possessed the weapon.
>
> . . .

(ECF No. 105 at 53:12 - 55:16) After hearing a response from the Government, the court denied counsel's motion:

> THE COURT: I am going to deny the motion as to both counts under Rule 29. I think there is sufficient evidence for the case to go forward and to be considered by the jury, and that there is sufficient evidence viewed in the light most favorable to the government.

(Id. at 56:1).

Additionally, after trial, Hall's counsel filed "Defendant's Post-Verdict Motion for a Judgment of Acquittal as to Count Two" pursuant to Fed. R. Crim. P. 29 (c)(1). (Docket No. 78 at 1). That motion was denied as untimely, but the court found that "even if the motion had been properly filed within the fourteen day time period specified by Rule 29, it must be denied because the evidence is sufficient to sustain a conviction as to Count Two." (Docket No. 81 at 4). Thus, Hall's counsel did not fail to make a Rule 29 motion.

Furthermore, Hall <u>was acquitted</u> on Count One. (Docket No. 86) (emphasis added). It is

13

unclear as to why Hall argues he has been prejudiced by this count. However, it is clear that he does not satisfy the prejudice or performance prongs of Strickland. Consequently, this claim has no merit.

### 3. *Failing to Object Under Rule 404(b)*

Hall claims his counsel was ineffective for "failure to make a specific objection under Rule 404(b) of the Fed. R. Evid. to the witness testimony which was highly prejudicial and characterized Movant as a person who illegally possessed a firearm or ammunition which Rule 404(b) . . . prohibits." (ECF No. 113-1 at 8-9). Additionally, Hall claims that his counsel "simply made a general objection which of course does not preserve 404(b) issues for appeal.[6]" (Id. at 9). Petitioner states "the evidence presented to the jury characterized [the Petitioner] in a bad light. . . ." (Id.).

Pursuant to Federal Rule of Evidence 404(b)(1), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." See also United States v. Davis, 657 F.2d 637 (4th Cir. 1981). However, Hall fails to specify which evidence to which he objects. See Watson v. United States, No. 2011 WL 6697900, at *3 (E.D. Va. 2011) (finding that "a defendant's factual allegations" included in his § 2255 motion "must be stated with sufficient specificity to allow a reader to determine from the face of the motion whether further review is warranted"). See also United States v. Lewis, No. 2011 WL 1106766 (N.D.W.Va 2011) (denying ineffective assistance claim due to lack of specificity because petitioner failed to identify what Brady or Jencks material his counsel allegedly failed to provide).

---

[6] Petitioner is mistaken. This issue was discussed on appeal. See United States v. Hall Thus, clearly the issue was preserved. See In re Under Seal, 749 F.3d 276, 287 (4th Cir. 2014) (stating that an issue is preserved when an objection or argument timely and specifically states the grounds on which it is based) (quoting Kollsman v. Cohen, 996 F.2d 702, 707 (4th Cir. 1993)).

However, as noted by the Respondent, the only "bad acts" evidence that the United States introduced was evidence of Hall's involvement in the purchase of ammunition which occurred immediately after the purchase of the firearms in question. Cabela's firearms Clerk, Miranda Cordery, testified about her interactions with Hall, and how he directed the purchase (accomplished by Ariel Underwood) of two different kinds of ammunition for the guns she has just bought. ECF No. 104 at 77-78.

Assuming that this evidence to which Hall is attempting to raise an argument, his claim fails. First, his counsel did object to the testimony about the ammunition purchase. On January 17, 2012, Hall's counsel filed "Defendant's Response to the United States' Pre-Trial Memorandums Concerning Kennedy and 404(b) Evidence." (ECF No. 57). In that response, Hall, through his attorney, argued that: (1) "testimony of a witness, Teresa Kryzak . . . regarding her supervision of [Hall] and her identification of [a] voice on a recorded phone call", and (2) "testimony concerning [Hall] allegedly being involved in requesting that the sales clerk at Cabela's provide ammunition for the guns purchased by Airiel Underwood" was "inadmissible as intrinsic evidence" under Kennedy. (Id. at 1-2). Additionally, Hall's counsel objected during trial to such evidence. While approaching the bench, Hall's counsel stated:

> Mr. Gillison: "Your Honor, we object to this line of testimony. We formally object to it in writing and this is part of one of the government's pretrial motions this Court never made a ruling on with regards to whether or not this testimony was admissible. We object upon the grounds that it is not considered to be intrinsic evidence, as the government stated, the United States v. Kennedy, nor is it 404(b) evidence that can be offered to show anything in this matter. . . . This is totally inappropriate evidence. The only reason why the government is offering this evidence is to show

>               that my client acted in conformity with the conduct
>               that's alleged. . . . And this is totally, totally
>               prejudicial to my client, Your Honor. . . ." (ECF No.
>               104 at 69:3-70-13).

. . .

Although Hall's counsel was a zealous advocate for his client, the Court concluded that::

> The Court:    ". . . In this case – and I agree with Mr. Gillison that
>               it has to be shown that it is relevant and reliable and
>               also that it's necessary. I think it meets all three of
>               those tests. And I think that it does meet the – one of
>               the 'other purposes' that is set forth in Rule 404(b). .
>               . . Now, obviously, 404(b) evidence has to be
>               balanced by an application under Rule 403. I don't
>               believe, applying the balancing test, that this is – that
>               this testimony is representing unfair prejudice or the
>               danger of unfair prejudice under Rule 403.
>               Remember, it's not prejudice that one looks at. It's
>               unfair prejudice. I don't think it misleads the jury. . .
>               ." (Id. at 72:25-73:16).

Furthermore, the Fourth Circuit Court of Appeals found Ms. Cordery's testimony regarding Hall's purchasing of ammunition "admissible under Kennedy[7]," stating that the "district court did not abuse its discretion by allowing it." Hall, 514 F. App'x at 355. Consequently, the alleged error of which Hall complains was addressed: (1) in a pre-trial response, (2) during trial, and (3) on appeal. Hence, Hall does not show that his counsel's performance was ineffective.

### 4. *Failing to Object Under Rule 16 and Brady*

Hall asserts that his counsel failed to properly investigate and learn that a witness for the United States, Ms. Cordery, had been shown a photograph of the defendant several months after the

---

[7] The court is referring to United States v. Kennedy, 32 F. 3d 876 (4th Cir. 1994). In Kennedy, "evidence of uncharged conduct is not considered other crimes evidence [and falls outside the scope of Rule 404(b)] if it arose out of the same series of transactions as the charged offense, or it if is necessary to complete the story of the crime on trial." Id. at 885.

incident at Cabela's. (Docket No. 113-1 at 10-11). Hall claims "counsel failed in his duty to object at sentencing to Ms. Cordery [sic] testimony and the Government's non-disclosure of exculpatory and material evidence in violation of Brady v. Maryland, 373 U.S. 83 (1983)." (Id. at 11).

The Respondent acknowledges that Hall's counsel was apparently unaware of the previous photo display and that he could have interviewed Ms. Cordery as part of his own investigation. The Respondent also acknowledges that Hall's counsel did not object on either F.R.Cr.P. Rule 16 or Brady grounds when he learned, through cross-examination, about the prior display. However, even if Hall could satisfy the first of Strickland by showing that his counsel erred, he cannot show that he was prejudiced by that error.

This particular issue was addressed at length on appeal. The Fourth Circuit Court of Appeals held that "here, even if we assume that the photo display was improperly suggestive, that it affected Cordery's in-court identification, and that the government should have disclosed Cordery's inability to identify Hall, none of those points could have swayed the outcome of the trial because Hall does not contest that he was, in fact, the person with Underwood at Cabela's. Accordingly, the alleged errors concern an issue that is not in dispute – Hall's presence at Cabela's– so they are harmless and do not entitle [him] to relief." Hall, 514 F. App'x at 357-358. The Court also noted in a footnote that "[t]here was ample evidence beyond Cordery's testimony that Hall was, in fact, Underwood's companion in the store." Id. at fn 2; see also Stocks v. Schirro, 2005 WL 2705412 (D. Ariz.) (Unreported) (no Brady violation in light of overwhelming evidence).

In his Motion, Hall makes only the following self-serving and conclusory statement: "Had Counsel done his job to act as a reasonable competent effective Counsel theres [sic] a reasonable probability that the outcome would be different. ECF No.113-1 at 11. Because Hall does not show

17

that he was prejudiced by the alleged errors, he cannot establish the second prong of the Strickland, analysis, and this final claim has no merit.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:14-cv-133, ECF No. 1; Criminal Action No. 5:11-cr-34, ECF No. 113) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Petitioner's Motions for an Evidentiary Hearing [ECf Nos. 120 & 122] be **DISMISSED AS MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr.,, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Joseph Samuel Hall, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: May 16, 2016.

                                      */s Michael John Aloi*
                                      MICHAEL JOHN ALOI
                                      UNITED STATES MAGISTRATE JUDGE