IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH SAMUEL HALL,

    Petitioner,

v.                              Civil Action No. 5:14CV133
                              (Criminal Action No. 5:11CR34-01)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S § 2255 MOTION,
DENYING AS MOOT PETITIONER'S MOTIONS
FOR EVIDENTIARY HEARING AND
OVERRULING PETITIONER'S OBJECTIONS**

The petitioner, Joseph Samuel Hall ("Hall"), filed this pro se motion under 28 U.S.C. § 2255 challenging the validity of his conviction and sentence. He also filed several motions for an evidentiary hearing and filed a petition with the United States Court of Appeals for the Fourth Circuit seeking a writ of mandamus to compel this Court to act on his § 2255 motion. The magistrate judge entered a report recommending that Hall's motion be denied. Hall filed timely objections to the report and recommendation. For the following reasons, this Court adopts and affirms the report and recommendation, denies the § 2255 motion, denies as moot the motions for an evidentiary hearing, and overrules Hall's objections.

## I. Background

Hall entered a retail store with Airiel Underwood ("Underwood"), who then attempted to purchase two firearms. After a background check and a three-day waiting period, Underwood returned to the store with Hall to purchase the firearms and ammunition. Underwood purchased the firearms and ammunition, left the store with Hall, and then left the firearms with Hall. Hall provided Underwood with the money for the purchase. Hall was indicted for aiding and abetting a straw purchase of a firearm in violation of 18 U.S.C. § 922(a)(6), and for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g).

After a trial, the jury acquitted Hall of aiding and abetting a straw purchase and found Hall guilty of being a felon in possession of firearms. Hall appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, arguing that this Court erred in: (1) denying his motion for a judgment of acquittal; (2) admitting identification testimony that Hall argued was tainted by an impermissibly suggestive initial identification; (3) admitting certain prior bad acts evidence under Federal Rule of Evidence 404(b); (4) admitting as evidence one of the firearms Hall was charged with possessing; (5) denying Hall's motion for a mistrial after an improper remark during closing arguments; and (6) not ordering a new trial based on an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963). The Fourth

Circuit affirmed Hall's conviction and affirmed each of this Court's rulings that Hall challenged on appeal. Hall then filed this motion to vacate his conviction and sentence under 28 U.S.C. § 2255.

Hall asserts that his counsel provided ineffective assistance in the following manner: (1) in failing to file a motion to suppress a recorded phone call between Hall and Underwood, and a surveillance video recorded by an employee of the store from which Hall and Underwood conducted a straw purchase of the firearms and ammunition; (2) in failing to make a motion for acquittal; (3) in failing to object to certain prior bad acts evidence; and (4) in failing to object to the alleged Brady violation. Magistrate Judge Michael John Aloi entered a report recommending that this Court deny Hall's § 2255 motion. Hall timely filed objections to the magistrate judge's findings and conclusions, and argues that the magistrate judge was required by § 2255(b) to conduct an evidentiary hearing.

## II. Applicable Law

Because the petitioner timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not filed, the findings and recommendations will be

upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Magistrate Judge Aloi recommends denying Hall's § 2255 motion, concluding that Hall's ineffective assistance of counsel claims are without merit. Hall objects to the magistrate judge's conclusions regarding his substantive ineffective assistance of counsel claims. He also objects to the magistrate judge's report and recommendation to the extent that an evidentiary hearing was not held.

A. <u>Ineffective Assistance of Counsel Claims</u>

"[A] movant seeing collateral relief from his conviction or sentence through an ineffective assistance claim must show (1) that his counsel's performance was deficient[,] and (2) that the deficiency prejudiced his defense." <u>United States v. Basham</u>, 789 F.3d 358, 371 (4th Cir. 2015) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)). Counsel's performance was deficient if "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." <u>Strickland</u>, 466 U.S. at 688. There is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." <u>Harrington v. Richter</u>, 562 U.S. 86, 104 (2011) (internal quotation marks omitted). "The <u>Strickland</u> standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with

4

the benefit of hindsight.'" Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). To show prejudice, "[t]he movant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694).

First, Hall argues that his counsel was ineffective because he failed to file a motion to suppress a recorded phone call between Hall and Underwood, surveillance video from the store Hall obtained the firearms and ammunition from, and license plate information recorded by an employee at that store. However, an attorney's failure to file a motion to suppress is not per se ineffective assistance. Kimmelman v. Morrison, 477 U.S. 365, 381-82 (1986). The petitioner must establish that he had a meritorious claim to suppress evidence for a Fourth Amendment violation, that his attorney's failure to pursue suppression does not "fall[] withing the wide range of reasonable professional assistance," and that there is a reasonable probability that, had the evidence been suppressed, "the result of the proceeding would have been different." Id. (internal quotation marks omitted).

Hall fails to demonstrate a meritorious claim to suppress evidence for a Fourth Amendment violation. Hall argues that the recorded phone call, the surveillance video, and the license plate

5

information should have been suppressed under Illinois v. Gates, 462 U.S. 213 (1983). In Gates, the Supreme Court established a "totality of the circumstances" test for determining whether an informant's tip establishes probable cause for issuance of a warrant. Id. at 225. Hall does not argue that the recorded phone call, surveillance video, and license plate information were obtained through execution of a warrant that was based on an informant's tip. Even if they were, Hall does not identify any unreliable informant's tip that probable cause for any warrant could be based upon. Thus, Gates does not apply. Further, this Court finds no other grounds upon which this evidence could be suppressed.

Hall also fails to demonstrate that, had the evidence been suppressed, the result of his trial would have been different. At trial, Underwood testified that after purchasing the firearms and ammunition, she placed the firearms in the trunk of Hall's car, that Hall drove her home and then left with the firearms. ECF No. 98 at 268-76. As the Fourth Circuit concluded in affirming Hall's conviction, "[t]his evidence is sufficient to establish that Hall had constructive possession of the guns." ECF No. 108 at 4. Thus, even if the recorded phone call, the surveillance video, and the license plate information were suppressed, there would still be sufficient evidence to convict Hall and the result of the proceedings would not have been different.

Second, Hall argues that his counsel was ineffective because he failed to file a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29. Magistrate Judge Aloi concluded that Hall's claim was without merit because his counsel made two motions for a judgment of acquittal during the trial and after the trial, and that this Court denied both motions. Hall does not specifically object to this recommendation. This Court finds no error in the magistrate judge's conclusion, as Hall's counsel made an oral motion for acquittal as to both counts after closing arguments, ECF No. 105 at 53-55, and filed a post-trial motion for acquittal as to his conviction. ECF No. 78.

Third, Hall argues that his counsel was ineffective in making a general rather than a specific motion to preclude past bad acts evidence under Federal Rule of Evidence 404(b). Magistrate Judge Aloi concluded that Hall's claim has no merit because he fails to identify any piece of evidence that his counsel failed to object to on Rule 404 grounds. Further, the magistrate judge concluded that if Hall was referring to testimony of the employee that sold the firearms to Underwood, then his claim is without merit because his counsel objected to such testimony before and during trial, and this Court denied those motions. The magistrate judge also noted that on direct appeal the Fourth Circuit concluded that this evidence was admissible under Rule 404(b). In his objections, Hall argues that the employee's testimony was irrelevant because she was

7

unable to identify him in a picture police showed to the employee months after the straw purchase.

Hall's counsel specifically objected to the admission of "testimony concerning [Hall] allegedly being involved in requesting that the sales clerk . . . provide ammunition for the guns purchased by . . . Underwood" as prior bad acts evidence and that it was not intrinsic evidence admissible under United States v. Kennedy, 32 F.3d 876 (4th Cir. 1994). ECF No. 57. Hall's counsel also objected to this evidence at trial. ECF No. 104 at 69-70. On appeal, the Fourth Circuit held that such evidence was admissible. Thus, Hall fails to demonstrate that his counsel provided ineffective assistance in challenging the admissibility of any evidence under Rule 404(b). Further, even if the employee's testimony were excluded, the result of the proceedings would have been the same, as Underwood's testimony provided ample evidence to convict Hall.

Fourth, Hall argues that his counsel failed to properly investigate the case and learn that the employee failed to identify Hall when police showed her a photograph of Hall several months after Underwood purchased the firearms and ammunition. The government did not disclose this fact to Hall's counsel. At trial, the employee testified and identified Hall. On cross-examination, Hall's counsel asked the employee if she had ever seen a photo of Hall, and she testified to her failure to identify Hall in the

8

photo police had shown her.  Hall's counsel made no objection or motion based on the government's failure to disclose the photo display.  Hall argues that his counsel was ineffective in failing to move for a mistrial on the ground that the nondisclosure constituted a Brady violation.

However, the Fourth Circuit concluded that any error in the government's failure to disclose the photo lineup was harmless error because Hall did not dispute that he was with Underwood when she purchased the firearms and ammunition.  ECF No. 108 at 11-12.  Thus, the result of the proceedings would not have been different had Hall's counsel moved for a mistrial.

B. Failure to Hold an Evidentiary Hearing

In his objections, Hall argues that the magistrate judge was required to hold an evidentiary hearing under 28 U.S.C. § 2255(b).  Hall argues that § 2255(b) requires a court to hold an evidentiary hearing if the § 2255 motion is not summarily dismissed after preliminary review.  However, § 2255(b) provides that the court must "grant a prompt hearing" on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  The magistrate judge recommended denying Hall's § 2255 motion based on the files and records of the case.  Thus, Hall is not entitled to relief under § 2255, and the magistrate judge did not err in not holding an evidentiary hearing.

C.  <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. This memorandum opinion and order is a final order adverse to the petitioner in a case in which 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, this Court finds that Hall fails to make a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). This Court concludes that reasonable jurists would not find this Court's ruling to be debatable. Accordingly, Hall is DENIED a certificate of appealability by this district court. Hall may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue a certificate of appealability.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 8/128) is AFFIRMED AND ADOPTED. Accordingly, Hall's § 2255 motion (ECF No. 1/113) is DENIED, Hall's motions for an evidentiary hearing (ECF Nos. 120, 122, 124) are DENIED AS MOOT, and Hall's objections to the report and recommendation (ECF No. 130) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 11, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE